*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

MICAH EZEKIAL DAVIS,

Defendant-Appellant.

UNPUBLISHED
June 09, 2026
2:06 PM

No. 373926
Ingham Circuit Court
LC No. 21-000297-FC

Before: CAMERON, P.J., and BOONSTRA and SWARTZLE, JJ.

PER CURIAM.

Defendant appeals by right his jury-trial conviction of first-degree felony murder, MCL 750.316(1)(b), first-degree home invasion, MCL 750.110a(2), and assault with intent to do great bodily harm less than murder (AWIGBH), MCL 750.84(1)(a). The trial court sentenced defendant to serve concurrent terms of life imprisonment for felony murder, 160 to 240 months' imprisonment for home-invasion, and 67 to 120 months' imprisonment for AWIGBH. We affirm.

## I. PERTINENT FACTS AND PROCEDURAL HISTORY

EJ and his elderly father, ES, shared a home in Lansing. In late December 2020, the home's doorbell camera system captured footage of defendant approaching the home at approximately 4:00 p.m. and leaving shortly thereafter without entering. At approximately 8:30 p.m. that night, the camera footage showed that defendant returned to the home wearing different clothing and holding a blue book and some papers. This time, he entered the home. A police detective who reviewed the footage testified that he could hear defendant say "hey, please," before someone inside the home began yelling "hey" loudly, after which there were sounds of "groaning, screaming" and "attacking." Law enforcement officers were dispatched to the home, where they found EJ bleeding from the top of his head and ES unresponsive and tangled inside of a walker with a large pool of blood around him. Officers noted that there appeared to have been a struggle in the living room, with blood spattered throughout the room and objects knocked onto the floor.

While searching the home, officers found a blue Bible, a stack of business flyers, and a green hat and black glasses that defendant was seen wearing in the camera footage. In an outdoor garbage bin, they found a blood-stained coat that defendant was seen wearing. The officers also

-1-

found a heavy, bloodstained metal lamp that was slightly bent, as well as a bloodstained baseball bat. When defendant was arrested in connection with the incident, there was blood on his clothing, but he denied having any physical injuries. DNA testing linked EJ to blood stains from the boots, T-shirt, and sweatpants taken from defendant, and it linked defendant to some of the items of clothing that were recovered from the home.

ES died of the injuries that he sustained during the incident.[1] Among the charges against defendant was a charge of open murder, for which the trial court instructed the jury that it could convict defendant of either first-degree premeditated murder, MCL 750.316(1)(a), first-degree felony murder, MCL 750.316(1)(b), or second-degree murder, MCL 750.317. The jury returned a verdict of guilty of first-degree felony murder, first-degree home invasion, and assault with intent to do great bodily harm less than murder. Defendant was sentenced as described, and this appeal followed.

## II. SUFFICIENCY OF THE EVIDENCE

Defendant challenges his convictions of felony murder and first-degree home invasion on the basis that there was insufficient evidence to establish that he entered the EJ and ES's home without permission. We disagree.

## A. STANDARD OF REVIEW

"We review de novo a challenge to the sufficiency of the evidence." *People v Baskerville*, 333 Mich App 276, 282; 963 NW2d 620 (2020). We review evidence "in a light most favorable to the prosecut[ion] to determine whether any trier of fact could find the essential elements of the crime were proven beyond a reasonable doubt." *Id*. (quotation marks and citation omitted). "It is for the trier of fact, not the appellate court, to determine what inferences may be fairly drawn from the evidence and to determine the weight to be accorded those inferences." *People v Hardiman*, 466 Mich 417, 428; 646 NW2d 158 (2002).

## B. ANALYSIS

The elements of felony murder are as follows:

(1) the killing of a human being, (2) with the intent to kill, to do great bodily harm, or to create a very high risk of death or great bodily harm with knowledge that death or great bodily harm was the probable result, (3) while committing, attempting to commit, or assisting in the commission of any of the felonies specifically enumerated in MCL 750.316(1)(b). [*People v Gayheart*, 285 Mich App 202, 210; 776 NW2d 330 (2009).]

Defendant only challenges the sufficiency of the evidence for his conviction of felony murder on the basis that there was insufficient evidence to support his conviction of first-degree home invasion, which is one of the enumerated underlying felonies in MCL 750.316(1)(b).

---

[1] EJ died from an unrelated illness in 2021, long before defendant's trial in 2024.

First-degree home invasion requires proof of the following elements:

A person who breaks and enters a dwelling with intent to commit a felony, larceny, or assault in the dwelling, a person who enters a dwelling without permission with intent to commit a felony, larceny, or assault in the dwelling, or a person who breaks and enters a dwelling or enters a dwelling without permission and, at any time while he or she is entering, present in, or exiting the dwelling, commits a felony, larceny, or assault is guilty of home invasion in the first degree if at any time while the person is entering, present in, or exiting the dwelling either of the following circumstances exists:

(a) The person is armed with a dangerous weapon.

(b) Another person is lawfully present in the dwelling. [MCL 750.110a(2).]

Defendant further narrows the scope of this appeal by challenging his conviction of first-degree home invasion only on the basis that the prosecution presented insufficient evidence that he entered EJ and ES's dwelling without permission. MCL 750.110a(1)(c) defines "without permission" as "without having obtained permission to enter from the owner or lessee of the dwelling or from any other person lawfully in possession or control of the dwelling."

To support his argument that there was insufficient evidence to prove that he entered the dwelling without permission, defendant relies on the absence of evidence indicating that the victims did not want him in the home, and he alleges that ES gave him permission to enter his home after ES answered the door for him. However, the record does not support defendant's assertion, particularly given the yelling and screaming heard in the camera footage almost immediately after defendant entered the home. Furthermore, a person who was speaking to EJ on the phone at the time of the offense testified that EJ yelled "Dad, no, or no, Dad, don't let him in," after which there was a "cacophony of . . . sounds like a scuffle," as well as "[g]runts and moans and . . .stuff being knocked around" before EJ stopped responding. Taken in the light most favorable to the prosecution, the evidence that defendant entered the home over the protests of the occupants, combined with the lack of any evidence that defendant was welcome in the home, was sufficient to permit the jury to find that defendant had entered the home without permission and was therefore guilty of first-degree home invasion beyond a reasonable doubt. We therefore hold that there was sufficient evidence to support a conviction of first-degree home invasion. And because first-degree home invasion was the underlying felony for felony murder, we also hold that there was sufficient evidence to support defendant's felony-murder conviction.

Affirmed.

/s/ Thomas C. Cameron
/s/ Mark T. Boonstra
/s/ Brock A. Swartzle

-3-